UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, TRUSTEE,<br><br>                Plaintiff,<br><br>vs.<br><br>RODNEY L. BELLE, et al.,<br><br>                Defendants. | CASE NO. ED CV 08-00763 UA (RZ)<br><br>MEMORANDUM AND ORDER SUMMARILY REMANDING ACTION |

Because it is plain that the removal of this action from San Diego County Superior Court to federal court was improper, the Court summarily remands the action *sua sponte*. As the Magistrate Judge explained in urging the denial of *in forma pauperis* status for the removing Defendant:

> Early in May 2008, US Bank filed an unlawful detainer action in San Diego County Superior Court against Rodney L. Belle and 6 "Doe" Defendants believed to be in possession of the subject property in the city of San Diego. One Mary Bochum, implicitly asserting that she is one of the "Does," now has removed that unlawful detainer action to this Court. For numerous reasons, the removal is improper, and the Court

should deny *in forma pauperis* status. First, no basis for federal jurisdiction exists. No federal question is at stake in the complaint; no federal agent is being sued; and there is no diversity of citizenship. (Nor is the amount in controversy *in the complaint* in excess of $75,000. Although the Notice Of Removal cites a figure of $370,000 at issue, that figure includes *Defendants'* claims. The underlying complaint is emblazoned with the prominent sub-caption, "AMOUNT DEMANDED DOES NOT EXCEED $10,000."). Second, the sole *named* Defendant, Mr. Belle, has not signed or joined the notice of removal. Finally, even if removal to *some* federal court were proper, it would be the Southern District, which includes San Diego, not this District.

The undersigned agrees. The party invoking the removal statute bears the burden of establishing federal jurisdiction, and the removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). In her notice of removal, Defendant Bochum asserts no federal claim whatsoever. As to diversity jurisdiction, and as the Magistrate Judge noted, Defendant Bochum "claims actual damages in excess of $370,000," but it is the *complaint*'s claims, not the removing defendant's claims, that govern the propriety of removal. "Questions of jurisdiction and removal are generally determined from the face of a 'well-pleaded' complaint." *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1357-58 (9th Cir. 1997), *citing Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-47, 77 L.Ed.2d 420 (1983). Here, the complaint expressly disclaims any relief in excess of $10,000. (Even

if the amount in controversy were as great as Bochum asserts, she still fails to show diversity of citizenship.)

For this reason and the other reasons cited by the Magistrate Judge, federal jurisdiction is lacking, and venue is improper in this District in any event. The action is REMANDED to the Superior Court for the State of California, San Diego County.

DATED: 7/8/08

_____
ALICEMARIE H. STOTLER
CHIEF UNITED STATES DISTRICT JUDGE